PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PCGM TRADING PARTNERS XXIII, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Defendant. | Case No. 3:21-cv-01169-N |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION OF STAY ORDER</u>**

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. RELEVANT BACKGROUND ................................................................................................ 3

    A. Case Background ................................................................................................................ 3

    B. The Plan and Confirmation Order...................................................................................... 3

    C. Appellants' Appeals of the Confirmation Order................................................................. 6

    D. Motions to Stay Pending Appeals of Confirmation Order are Filed and Denied ............... 7

    E. Plaintiff Commences the Action but Never Serves Highland ........................................... 8

    F. The Plan Becomes Effective............................................................................................... 9

    G. Plaintiff Moves for a Stay of the Action............................................................................. 9

III. ARGUMENT........................................................................................................................... 9

    Plaintiff Failed to Demonstrate a Stay Was Warranted ................................................................ 9

CONCLUSION............................................................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

*Belcher v. Birmingham Trust Nat'l Bank,*
   395 F.2d 685 (5th Cir. 1968) .................................................................................................. 10

*Earl v. Boeing Co.*,
   4:19-CV-507, 2021 WL 1080689 (E.D. Tex. Mar. 18, 2021) ................................................... 10

*In re First S. Sav. Assoc.*,
   820 F.2d 700 (5th Cir. 1987) .................................................................................................. 10

DOCS_NY:44197.8 36027/003

Highland Capital Management, L.P. ("Highland"), the reorganized debtor and the putative defendant in the above-captioned action (the "Action"), submits this Memorandum of Law in support of its motion for reconsideration of the Stay Order (as defined below) that was recently entered by the Court without notice to, or opposition by, Highland (the "Motion").[1] In support of its Motion, Highland states as follows:

## I. PRELIMINARY STATEMENT[2]

1. Highland is a reorganized debtor, having emerged from bankruptcy on August 11, 2021, when its Plan went effective.

2. PCMG Trading Partners XXIII, L.P. ("Plaintiff"),[3] an entity owned and/or controlled by James Dondero, Highland's former owner who is waging a never-ending grudge match against Highland's stakeholders, commenced this action on May 21, 2021, but never served its Complaint. Instead, on August 26, 2021, without notice to Highland, it filed *Plaintiffs' Motion to Stay All Proceedings* [Docket No. 6] (the "Stay Motion"). On September 7, 2021, this Court entered an electronic order granting the unopposed Stay Motion [Docket No. 7] (the "Stay Order").

3. The Stay Motion was just another piece of Mr. Dondero's coordinated litigation strategy against Highland, its stakeholders, and its judicially approved fiduciaries to waste

---

[1] Concurrently herewith, Highland is filing the *Appendix in Support of Highland Capital Management, L.P.'s Motion for Reconsideration of a Stay Order* (the "Appendix"). Citations to the Appendix are notated as follows: "Ex. __, Appx. __."

[2] All capitalized terms used but not defined in this section have the meanings given to them below.

[3] Plaintiff only owned 0.02% of Select Fund. Thus, if Plaintiff's allegations in the Complaint are true, which they are not, Plaintiff's damages would be, at most, approximately $2,000 based on its *de minimis* interest in the Highland Select Equity Fund, L.P. (the "Select Fund"). (*See* Complaint ¶ 16, alleging that "by selling for $50 million, HCMLP wiped out $10 million in equity.") Plaintiff currently has no interest in the Select Fund as its interests were redeemed in March 2021.

1

resources, delay adjudication of pending disputes, and impede the wind-down of Highland's estate pursuant to the terms of its confirmed Plan.[4]

4. Pursuant to Federal Rule of Civil Procedure 59(a) ("Rule 59"), the Court should re-open the Stay Order, amend its findings, and enter a new order denying the Stay Motion because the Stay Motion was never served (and Highland was therefore never given an opportunity to respond to the relief requested in the Stay Motion) and Plaintiff has mischaracterized the underlying facts.

5. In context, Plaintiff failed to satisfy its heavy burden of showing the extraordinary remedy of a stay is warranted. Indeed, Plaintiff did not even address the four-pronged test routinely applied to a request for a stay pending appeal in the Fifth Circuit. For example, (i) Plaintiff *cannot* succeed on the merits because it is not a party to the underlying appeal, (ii) there is no irreparable harm in the absence of a stay, and (iii) a stay would not serve the public interest.

6. Plaintiff did not object to or appeal the Confirmation Order, yet Plaintiff's Stay Motion is premised on the pending appeals to which it is not a party. Further, and significantly, the Bankruptcy Court, the United States District Court, and the Fifth Circuit Court of Appeals previously denied motions to stay the Confirmation Order that were filed by the actual Appellants (each of which is owned and/or controlled by Mr. Dondero).[5] There is no basis for Plaintiff to effectively obtain a stay of the Confirmation Order – particularly after the actual Appellants were unable to obtain a stay pending their own appeal of the Confirmation Order.

---

[4] Exhibit 1, Appx. 1-15, lists the substantial litigation commenced or caused by Mr. Dondero and his controlled entities in furtherance of his strategy of harassment. As set forth in Exhibit 2, Appx. 16-19, **the Stay Motion is one of nineteen (19) motions for a continuance, stay, or abatement (exclusive of the motions to stay the Confirmation Order) filed by Mr. Dondero and his controlled entities since the entry of the Confirmation Order** – each of which seeks to delay final resolution of several pending lawsuits and appeals, most of which (like this action) they commenced.

[5] The only parties appealing the Confirmation Order are the Appellants, which are Mr. Dondero and entities he owns and/or controls. Ex. 3, Appx. 40 ("[T]he Bankruptcy Court considers them all to be marching pursuant to the orders of Mr. Dondero").

7. Finally, Plaintiff's reliance on certain Plan provisions to justify a stay of the Action, such as the Injunction Provision referenced above, is misplaced. Appellants' appeal of the Confirmation Order does challenge two aspects of the Injunction Provision; however, the provision at issue here – which enjoins Plaintiff's prosecution of the Action – was neither objected to nor appealed by anyone. While Highland maintains that this Action ultimately belongs in the Bankruptcy Court based on, among other reasons, the Injunction Provision, the extraordinary remedy of a stay pending appeal of the Confirmation Order has no application, or relevance, to the effect of the Injunction Provision on the Action. Any stay of this Action premised on the Appeal of the Confirmation Order is simply not an appropriate remedy here.

8. For the reasons set forth above and below, and pursuant to Rule 59, Highland respectfully requests that the Court re-open the Stay Order, amend its findings, and enter a new order denying the Stay Motion.[6]

## II. RELEVANT BACKGROUND

**A. Case Background**

9. On October 16, 2019 (the "Petition Date"), Highland commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case").

**B. The Plan and Confirmation Order**

10. On February 22, 2021, the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") entered its *Order (i) Confirming the Fifth Amended Plan*

---

[6] Pursuant to the Confirmation Order and the Plan, as of the Effective Date, Plaintiff is enjoined from conducting or continuing any suit or proceeding of any kind against Highland. *See* Ex. 3, Appx. 96, and Ex. 4, Appx. 239. For that reason, Highland is simultaneously filing a motion to dismiss this Action (the "Motion to Dismiss"). As set forth in the Plan, the Confirmation Order, and the Motion to Dismiss, Plaintiff will not be left without a remedy but has the right to seek to pursue the claims asserted in the Action as an administrative claim in the Bankruptcy Court.

3

*of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Dkt. No. 1943] (Ex. 3, Appx. 20-181) (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P (as Modified)* (Ex. 4, Appx. 182-248) (the "Plan"). Pursuant to the Plan, as of the Effective Date (as defined in the Plan), Enjoined Parties (as defined in the Plan) are prohibited from pursuing or continuing actions of any kind against Highland (the "Injunction Provision"). The Plan and the Confirmation Order each provide, in pertinent part:

> **Injunction**
>
> Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan. Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, **all Enjoined Parties are and shall be permanently enjoined**, on and after the Effective Date, with respect to any Claims and Equity Interests, **from directly or indirectly (i) commencing, conducting,** *or continuing in any manner* **any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor**, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

4

Ex. 3, Appx. 96 and Ex. 4, Appx. 239 (emphasis added).[7] No appellant has appealed or challenged the foregoing language in the Injunction Provision. Plaintiff is an "Enjoined Party"[8] under the Plan, and, by their express terms, the Confirmation Order and Plan expressly enjoin Plaintiff from continuing the Action.

11. The Injunction Provision, however, does not leave putative claimants, like Plaintiff, without a course to pursue their claims. The Plan includes a mechanism allowing holders of claims arising after the Petition Date but prior to the Effective Date to assert claims. They may, at their election, file an application with the Bankruptcy Court seeking an allowed administrative claim. Article II of the Plan provides, in relevant part:

**Administrative Expensive Claims**

> On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized Debtor, as applicable, and such Holder; provided, however, that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto

---

[7] The Injunction Provision also included a permanent injunction which enjoined "all Enjoined Parties. . . from taking any actions to interfere with the implementation or consummation of the Plan" (the "Permanent Injunction") and a "gatekeeper" provision that prohibited all "Enjoined Parties" from pursuing claims against certain "Protected Parties" unless the Bankruptcy Court first found those claims to be colorable (the "Gatekeeper Provision"). Ex. 3, Appx. 74. While the Gatekeeper Provision also prevents Plaintiff from proceeding with the Action in this Court, it is the language in the Injunction Provision set forth above –which is not involved in the Appeal – that independently prohibits pursuit of this Action.

[8] "Enjoined Party" means, *inter alia*, "(i) all Entities who have held, hold, or may hold Claims against or Equity Interests in the Debtor (whether or not proof of such Claims or Equity Interests has been filed and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan), (ii) James Dondero ("Dondero"), (iii) any Entity that has appeared and/or filed any motion, objection, or other pleading in this Chapter 11 Case regardless of the capacity in which such Entity appeared and any other party in interest, (iv) any Related Entity, and (v) the Related Persons of each of the foregoing." Ex. 3, Appx. 125. Plaintiff satisfies sections (i), (iii), (iv), and (v) of the definition of "Enjoined Party."

> without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.
>
> If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Ex. 3, Appx. 133-134.  If Plaintiff wished to continue its Action, the Confirmation Order mandates that it do so by filing for an administrative claim.[9]

### C.   Appellants' Appeals of the Confirmation Order

12.   Following entry of the Confirmation Order, in March 2021, James Dondero and certain of his related entities, including: (i) Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (collectively, the "Funds"); (ii) Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (together, the "Advisors"); and (iii) The Dugaboy Investment Trust (the "Trust," and together with James Dondero, the Advisors, and the Funds, the "Appellants") appealed the Confirmation Order.[10]  The only aspects of the Injunction Provision challenged by the Appellants were:

- The Permanent Injunction which the Appellants argued (i) is overbroad and vague because "implementation" and "consummation" were not defined; (ii) restricts certain of the Appellants' rights under contracts assumed via the Plan; and (iii) is an impermissible third-party release; and

- The Gatekeeper Provision which Appellants argued exceeded the Bankruptcy Court's jurisdiction.

Ex. 3, Appx. 74-75.  No Appellant challenged or appealed the language of the Injunction Provision that "enjoin[s] [all Enjoined Parties]. . . from directly or indirectly (i) commencing, conducting, *or*

---

[9] Under the Plan, the Administrative Expense Claim Bar Date passed on September 25, 2021, so Plaintiff would, in fact, be required to request an order from the Bankruptcy Court permitting it to file a late claim.  Highland reserves the right to contest any such request.

[10] *See* Bankruptcy Docket Nos. 1990, 1986, 1988, and 1992, respectively Exs. 5-8, Appx. 249-271.

*continuing in any manner* any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor." That is the language enjoining Plaintiff from continuing this Action.

**D.      Motions to Stay Pending Appeals of Confirmation Order Are Filed and Denied**

13.     In March 2021, the Appellants also sought a stay of the Confirmation Order pending appeal (the "Bankruptcy Court Stay Motions").[11]

14.     Unlike the Appellants, however, Plaintiff never objected to the Plan and never appealed the Confirmation Order.

15.     On March 16, 2021, the Bankruptcy Court entered an *Order Certifying Appeals of the Confirmation Order for Direct Appeal to the United States Court of Appeals for the Fifth Circuit* [Bankr. Dkt. No. 2034] (the "Certification Order") (Ex. 13, Appx. 380-382).

16.     On March 24, 2021, the Bankruptcy Court entered orders[12] denying the Bankruptcy Court Stay Motions (the "First Stay Denials"), finding, among other things, that Appellants "did not meet their burden of proof on the four-factor test articulated in case law to obtain a discretionary stay pending appeal." [Bankr. Dkt. No. 2095 at 3]. (Ex. 15, Appx. 390).

17.     In April 2021, Appellants filed motions for a stay pending appeal of the Confirmation Order in the District Court for the Northern District of Texas, Dallas Division (the "District Court") (collectively, the "District Court Stay Motions").[13]

18.     Appellants subsequently filed petitions for direct appeal of the Confirmation Order to the Fifth Circuit.[14] On May 4, 2021, the Fifth Circuit entered an Order granting the Advisors'

---

[11] *See* Bankruptcy Docket Nos. 1955, 1967, 1971, and 1973, respectively Exs. 9-12, Appx. 272-379.

[12] *See* Bankruptcy Docket Nos. 2084 and 2095, respectively. Exs. 14-15, Appx. 383-391.

[13] *See* Case Nos. 3:21-cv-550 (Docket No. 5) Ex. 16, Appx. 392-396; 3:21-cv-538 (Docket No. 2) Ex. 17, Appx. 397-401; 3:21-cv-539, and 3:21-cv-546.

[14] *See* Case No. 21-90011, Documents 515826308, 515803515, 515824511, 515824443. Exs. 18-21, Appx. 402-951.

Petition for direct appeal,[15] and on June 2, 2021, the Fifth Circuit entered an Order granting the remaining Appellants' Petitions for direct appeal (collectively, the "Appeal").[16]

19.     Shortly after the District Court Stay Motions became ripe, on May 19, 2021, the Advisors filed a stay motion in the Fifth Circuit pending appeal of the Confirmation Order based on arguments identical to those asserted in the District Court Stay Motions (the "Fifth Circuit Stay Motion").[17] On June 21, 2021, the Fifth Circuit denied the Fifth Circuit Stay Motion (the "Second Stay Denial").[18]

20.     On June 23, 2021, the District Court entered its Order denying the District Court Stay Motions [Dist. Ct. Docket No. 28] (Ex. 26, Appx. 997-1000) (the "Third Stay Denial," and together with the First Stay Orders and Second Stay Order, the "Stay Denials") on the ground that "the Fifth Circuit has already reviewed and denied a motion with identical arguments." *Id.* at 3.

### E.     **Plaintiff Commences the Action but Never Serves Highland**

21.     On May 21, 2021, Plaintiff commenced the Action by filing its *Original Complaint*. [Docket No. 1] (the "Complaint").

22.     Plaintiff never served the Complaint. Instead, other than filing an amended Civil Cover Sheet, the Action languished for months until Plaintiff filed the Stay Motion.[19]

---

[15] *See* Case No. 21-90011, Document 515847079. Ex. 22, Appx. 952-955.
[16] *See* Case No. 21-90011, Document 515884578. Ex. 23, Appx. 956-959.
[17] *See* Case No. 21-10449, Document 515869234. Ex. 24, Appx. 960-993.
[18] *See* Case No. 21-10449, Document 515906886. Ex. 25, Appx. 994-996.
[19] Plaintiff amended its Civil Cover Sheet to disclose Highland's pending and related bankruptcy case. *Compare* Docket No. 2 (the Civil Cover Sheet filed on May 24, 2021) Ex. 27, Appx. 1000-1001 *with* Docket No. 5 (the Amended Civil Cover sheet filed on June 22, 2021) Ex. 28, Appx. 1003-1004. Plaintiff's amendment was not an accident. Between the time Plaintiff filed the original Civil Cover Sheet and the time it amended that document, the Bankruptcy Court had conducted an evidentiary hearing after which it held Mr. Dondero, Plaintiff's counsel, and others in contempt of court in connection with yet another action brought by another of Mr. Dondero's corporate vehicles – and one of the misdeeds in that regard was the failure to notify the District Court that the action was related to the Bankruptcy Case.

DOCS_NY:44197.8 36027/003

**F.    The Plan Becomes Effective**

24.    On August 11, 2021, the Plan became Effective (as defined in the Plan), and Highland became the Reorganized Debtor (as defined in the Plan).  *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Dkt. No. 2700] (Ex. 29, Appx. 1005-1009).

**G.    Plaintiff Moves for a Stay of the Action**

24.    On August 26, 2021, Plaintiff filed the Stay Motion, requesting a stay of the Action pending resolution of the Fifth Circuit Appeal of the Confirmation Order.  In support of its Motion, Plaintiff contended that the Appeal "includes direct challenges to the validity" of the Plan's exculpation and injunction provisions, that these "provisions are currently in force and prohibit Plaintiffs from continuing this [A]ction," and the "most efficient course of action" is for a stay.  Stay Motion at 4.  As discussed below, even if this Court determines that the Appeal of the Confirmation Order is somehow relevant, the Motion should still be denied as no aspect of the Appeal challenges the provisions of the Injunction Provision that enjoin Plaintiff from prosecuting the Action in this Court.

25.    For the reasons that follow, the Court should (a) re-open the Order, amend the findings and conclusions, and issue a new order denying the Stay Motion, and (b) grant such other and further relief as the Court deems just and proper.

### III.    ARGUMENT

**Plaintiff Failed to Demonstrate a Stay Was Warranted**

26.    As set forth herein, there was no factual, legal or equitable basis for the Stay Motion and, pursuant to Rule 59, this Court should re-open the Order, amend the findings and conclusions, and issue a new order denying the Stay Motion.

9

27. Plaintiff failed to address, let alone satisfy, the strict four-pronged test required for a stay pending appeal in the Fifth Circuit. A stay pending appeal is warranted only if a movant establishes the following four elements: (1) substantial likelihood of success on the merits of its appeal; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay would serve the public interest. *See Belcher v. Birmingham Trust Nat'l Bank,* 395 F.2d 685, 686-87 (5th Cir. 1968); *In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987). The moving party "bears the burden of establishing its need," and must 'make out a clear case of hardship or inequity in being required to go forward." *Earl v. Boeing Co.*, 4:19-CV-507, 2021 WL 1080689, at *3 (E.D. Tex. Mar. 18, 2021) (internal quotations omitted).

28. For obvious reasons, Plaintiff ignored these four factors in its Motion. Plaintiff did not object to or appeal the Confirmation Order. Instead, Plaintiff sought a stay of the Action premised on a pending Appeal (a) in which (i) it is not a party and (ii) there is no challenge to the portion of the Injunction Provision prohibiting Plaintiff from proceeding with the Action in this Court, and (b) where three different courts, including this Court and the Fifth Circuit, issued the Stay Denials against the Appellants when they requested stays pending this same Appeal. Plaintiff has no standing to seek a stay of an order pending an Appeal to which they are not a party and, therefore, cannot satisfy the "likelihood of success" element. Plaintiff equally fails to show any irreparable injury in the absence of a stay or that a stay would serve the public interest.

29. Moreover, Plaintiff's vague and conclusory assertion that "many complex legal questions exist" in the Fifth Circuit Appeal that "may affect the viability of this Action" also does not support the imposition of a stay. Motion at 4. Again, three courts, including the Fifth Circuit, have already rejected Stay Motions premised on this Appeal.

30.     Finally, Plaintiff's reliance on the Appellants' challenges to the Injunction Provision are misguided.  *See* Motion at 4.  As set forth above, the Appellants are challenging the Permanent Injunction and the Gatekeeper Provision in their appeal of the Confirmation Order – not the provisions of the Injunction Provision relevant to the Motion, *i.e.*, the provisions enjoining Plaintiff from continuing the Action ***in this Court***.  Highland maintains that the Action belongs in the Bankruptcy Court for many reasons, including the Injunction Provision, and that if Plaintiff wishes to pursue remedies that it should do so by seeking leave to file a late claim against Highland's bankruptcy estate as required by the Plan and Confirmation Order.  However, the remedy of a stay of proceedings is an entirely distinct procedural device that has no application to the Plan or the Appeal.

31.     To the extent Plaintiff relies on the exculpation provision, such reliance is irrelevant for purposes of the Motion.[20]  Plaintiff otherwise failed to demonstrate why the extraordinary remedy of a stay of this Action is warranted or appropriate.

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) re-open the Order, amend the findings and conclusions, and issue a new order denying the Stay Motion, and (b) grant such other and further relief as the Court deems just and proper.

---

[20] That provision deals with the exculpation from liability of Highland's independent directors, their agents, and their advisors.  *See* Plan, Art. IX.C. (Ex. 4, Appx. 236-237). Neither Highland nor the viability of this Action is implicated by such a provision.

Dated:  October 5, 2021.                    **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

12

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 5, 2021, a true and correct copy of the foregoing Memorandum of Law was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable

13