IN THE UNITED STATES DISTRICT COUR
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PCMG TRADING PARTNERS XXIII, L.P.,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Cause No. 3:21-cv-01169-N |
| **HIGHLAND CAPITAL MANAGEMENT, L.P.,** | § § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S RESPONSE TO MOTION FOR RECONSIDERATION OF STAY ORDER

Highland's *Motion for Reconsideration* should be denied.

For one thing, Highland Capital Management, L.P. ("Highland") violated the conference requirement under Local Rule 7.1(a).

For another, Highland's professed reason for wanting this Court to consider its 12(b)(6) Motion is pure casuistry. Plaintiff does not specifically disagree with the Defendant that the Permanent Injunction bars this action. In fact, that was *Plaintiff's* point in support of the stay.

However, the reason(s) for not removing the stay are three-fold:

*First*, if this Court were to dismiss the action, then Plaintiff would appeal the dismissal and join it with the pending appeal in the Fifth Circuit regarding the Permanent Injunction. The Fifth Circuit will either (a) vacate the Permanent Injunction (if not the whole final order), or (b) affirm it. If (a) were to occur, then this Court's dismissal would be likewise vacated and sent back to this Court. If (b) were to occur, this Court could take up dismissal at that time.

*Second*, Highland's histrionics about "administering the estate" are belied by the fact that it has represented to the Fifth Circuit that the estate is so-far administered and almost done, that

the appeal of the Plan Injunction is "equitably mooted." *See In the Matter of: Highland Capital Management, L.P.; NexPoint Advisors, L.P., et al. v. Highland Capital Management*, L.P., No. 21-10449, in the United States Court of Appeals for the Fifth Circuit, Document 00516045149, filed on October 6, 2021. Moreover, Highland has invoked the same grounds for dismissing the claim(s) against it in the underlying Chapter 11 matter by the Charitable DAF Fund—except it has asked for the opposite relief: it has set before the Bankruptcy Court a hearing to oppose a stay of that proceeding, and then, at Highland's insistence, to consider the pending Rule 12(b)(6) motions to dismiss *on the merits*. *See In re: Highland Capital Management. L.P.,* Case No. 19-34054-sgj11, Adversary Proceeding 21-03067-sgj [Doc. 66]. Highland did not do there what it has done here—which is to seek to enforce the Permanent Injunction and dismiss on that basis alone. For Highland to take diametrically opposite positions raises substantial doubts as to the veracity of the representation that this case laying idle until the appeal is over somehow harms the bankruptcy estate.

  <u>Third</u>, Highland attempts to soften the harshness of the remedy by stating that Plaintiff is not completely foreclosed from a remedy, because it should have brough this case as an administrative expense claim. But this, too, is specious. The definition of an "Administrative Expense Claim" under the Fifth Amended Plan of Reorganization is:

> [A]ny Claim for costs and expenses of administration of the Chapter 11 Case that is Allowed pursuant to sections 503(b), 507(a)(2), 507(b) or 1114(2) of the Bankruptcy Code, including, without limitation, (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estate and operating the business of the Debtor; and (b) all fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code, and that have not already been paid by the Debtor during the Chapter 11 Case and a Professional Fee Claim.

*See* Appx.0190. (Fifth Amended Plan of Reorganization p. 2, (§ B.2)). Highland cannot seriously contend that a lawsuit for breaches of fiduciary duty and breaches of the Federal Investment

Advisors Act, among other things, involves "costs and expenses incurred … [for] preserving the Estate and operating the business of the Debtor." The lawsuit is about the opposite—it is about the waste of third-party assets by the Debtor for its own benefit and at the expense of Plaintiff. Moreover, this lawsuit is not about "fees and charges assessed against the Estate pursuant to sections 1911 through 1930 of chapter 123 of title 28 of the United States Code[.]" Those code sections have nothing to do with the facts or circumstances, or transactions, at issue in this lawsuit. And nothing in Highland's brief even attempts to show otherwise.

Highland offers no reason, and nothing in the way of urgency, for making this Court decide a motion that is, for all intents and purposes, moot at this juncture. **AT BEST**, Highland's argument is one that would entail a litany of paperwork for lawyers to churn: briefs, appeals, remands, etc.

Presented with all of this legal sophistry, one has to wonder why the motion was ever filed at all and who has something to gain from unnecessary and inefficient litigation? The answer to that question, we respectfully submit, is quite obvious.

Dated:  October 27, 2021

Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/  Mazin A. Sbaiti*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367
E:  mas@sbaitilaw.com
    jeb@sbaitilaw.com

**Counsel for Plaintiff**