PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email:   MHayward@HaywardFirm.com
         ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| PCMG TRADING PARTNERS XXIII, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§  Case No. 3:21-cv-01169-N<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY BRIEF IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION OF STAY ORDER</u>**

Highland Capital Management, L.P. ("Highland"), the reorganized debtor and the putative defendant in the above-captioned action, submits this reply brief (the "Reply") in support of *Highland Capital Management, L.P.'s Motion for Reconsideration of Stay Order* [D.I. 8] (the "Motion")[1] and in opposition to *Plaintiff's Response to Motion for Reconsideration of Stay Order* [D.I. 16] (the "Response"). In further support of its Motion, Highland states as follows:

**REPLY**[2]

1. On February 22, 2021, the Bankruptcy Court entered the Confirmation Order confirming Highland's Plan. Plaintiff never objected to the Plan and never appealed the Confirmation Order. Several entities (collectively, the "Appellants") owned or controlled by James Dondero (who also owns and controls Plaintiff) did, however, and their appeals (collectively, the "Appeals") are currently pending in the Fifth Circuit Court of Appeals (the "Fifth Circuit").

2. The Bankruptcy Court, the District Court, and the Fifth Circuit each denied Appellants' requests for a stay of the Confirmation Order pending appeal.

3. On August 11, 2021, the Plan became effective. Article IX.F of the Plan (the "Injunction") "enjoin[s] [all Enjoined Parties] . . . from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor." Ex. 4, Appx. 239. This aspect of the Injunction Provision is *not* the subject of any of the Appeals.

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to them in *Highland Capital Management, L.P.'s Memorandum of Law in Support of Its Motion for Reconsideration of Stay Order* [D.I. 9].

[2] All citations are to the *Appendix in Support of Highland Capital Management, L.P.'s Motion for Reconsideration of a Stay Order* [D.I. 10] (the "Appendix"). Citations to the Appendix are notated as follows: "Ex. __, Appx. __."

1

4. Plaintiff clearly understood that the Injunction barred the continuation of its Action, so it filed the Stay Motion, which was granted before Highland filed a response.[3] Thereafter, Highland timely filed the Motion seeking reconsideration of the Stay Order. As set forth in the Motion, Plaintiff has not, and cannot, satisfy the four-pronged test routinely applied to requests for stays pending appeal in the Fifth Circuit.[4] Highland also moved to dismiss the Action, which motion is currently pending before this Court.[5]

5. Plaintiff asserts three "reasons" why the stay should remain in place.[6] Each of these reasons ignores or misinterprets the facts of this case and the law.

6. ***First***, Plaintiff argues that the issues raised in the Action and the Appeals are the same and threatens that if the Court dismisses the Action, Plaintiff will appeal that decision and seek to join that appeal with the Appeals currently pending before the Fifth Circuit. Highland would object to any request to consolidate the appeals for multiple reasons, including that (a) the issues raised in the Appeals and the Injunction prohibiting Plaintiff from continuing the Action in this Court are unrelated, and (b) Plaintiff cannot join an appeal of an order they never objected to and never appealed.[7] More fundamentally, although Plaintiff never appealed the Confirmation

---

[3] In fact, Plaintiff never served Highland with the Complaint or the Stay Motion, and Highland had not even appeared in the Action at the time the Stay Motion was granted.

[4] A stay pending appeal is warranted only if a movant establishes the following four elements: (1) substantial likelihood of success on the merits of its appeal; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay would serve the public interest. *See Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686-87 (5th Cir. 1968).

[5] *See Highland Capital Management, L.P.'s Motion to Dismiss* [D.I. 11] (the "Motion to Dismiss"). Highland served its Motion to Dismiss on October 5, 2021 [D.I. 14]. While Plaintiff filed its Response to the Motion, Plaintiff failed to file any opposition to the Motion to Dismiss.

[6] Plaintiff also argues that Highland "violated the conference requirement under Local Rule 7.1(a)." Response at 1. Plaintiff is mistaken. The Motion seeks relief under Rule 59 of the Federal Rules of Civil Procedure, which allows a party to seek a "new trial" under certain circumstances. *See* FED. R. CIV. P. 59(a) ("The court may, on motion, grant a new trial on all or some of the issues. . . ." Under Local Rule 7.1(h), a certificate of conference is not required for motions seeking a "new trial."

[7] Highland reserves all its rights and arguments in the event another Dondero-related entity pursues further baseless and frivolous litigation.

2

Order, it is nevertheless asking this Court to stay its effect pending appeal. The Bankruptcy Court, the District Court, and the Fifth Circuit have each denied motions filed by Plaintiff's affiliates – the actual Appellants – and Plaintiff cannot satisfy the Fifth Circuit standard for a stay pending appeal.

7. ***Second***, Plaintiff challenges Highland's assertion that the Stay Motion is part of James Dondero's concerted effort to impede Highland's wind-down pursuant to the Plan. Plaintiff argues that Highland's position is inconsistent with a motion it has filed in the Fifth Circuit to dismiss the Appeals as equitably moot (the "Fifth Circuit Equitable Mootness Motion") where it argues that the Plan has been substantially consummated. This argument evinces a misunderstanding of the law; Highland's position is not inconsistent. The Fifth Circuit Equitable Mootness Motion establishes that the Plan has been "substantially consummated," which is one of the three elements required to demonstrate equitable mootness in the Fifth Circuit. *Bank of New York Trust Co., NA v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.)*, 584 F.3d 229, 240 (5th Cir. 2009). "Substantially consummated" does not mean that the Plan has been fully administered. Rather, "substantial consummation" is defined under the Bankruptcy Code as the "(A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by. . . the successor to the debtor. . . of the business or of management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan." 11 U.S.C. § 1101(2). Highland's Plan has been "substantially consummated," but there is still significant work to do to monetize assets and finish making distributions to prepetition creditors. Plaintiff's effort to stay the Action, and litigate with Highland at every turn, seeks to derail the wind-down process.

3

8. Plaintiff also incorrectly argues Highland has taken inconsistent positions in the Motion and in *Charitable DAF Fund, L.P., et al, v. Highland Capital Management, L.P., et al*, Adv. Case No. 21-03067 (Bankr. N.D. Tex. Sept. 29, 2021) (the "DAF Proceeding").[8] Like the Action, the DAF Proceeding was commenced in the District Court in April 2021 in an attempt to evade the Bankruptcy Court's jurisdiction and to adjudicate a dispute arising out of a settlement previously approved by the Bankruptcy Court. Highland moved to have the DAF Proceeding referred to the Bankruptcy Court and the District Court granted that motion. Highland seeks prompt resolution of the DAF Proceeding in the Bankruptcy Court. The fact that the matter is proceeding in the Bankruptcy Court as an adversary proceeding, as opposed to part of the administrative claim resolution process is irrelevant. The important point is that Highland seeks prompt resolution of that matter – and of the Action – in the Bankruptcy Court, the required forum for the adjudication of both matters under the plain terms of the Confirmation Order.

9. ***Third***, Plaintiff argues that Plan provisions detailing the procedures for asserting administrative claims against the Highland bankruptcy estate do not apply to its claims because of the nature of its claims. Plaintiff misunderstands the administrative claim process. An administrative claim is a claim arising after the filing of a bankruptcy petition as a result of actions taken by the debtor to operate its estate. *See Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 441–42 (5th Cir. 2019); *see also* Ex. 4, Appx. 190. Plaintiff claims it was injured because Highland, then the debtor-in-possession, caused the sale of certain assets after the "Petition Date" but prior to the Effective Date in the ordinary course of its business pursuant to 11 U.S.C. § 363. Plaintiff, therefore, is asserting an administrative claim and is required to prosecute that claim in a

---

[8] The DAF Proceeding was filed by The Charitable DAF Fund, L.P. (the "DAF"), and its wholly-owned subsidiary, CLO Holdco, Ltd. – Mr. Dondero's family trusts who are also represented by the Sbaiti & Co. law firm.

manner consistent with the Plan, which sets forth the *exclusive* means for doing so.  Ex. 4, Appx. 204-05.  Whether, and to what extent, Plaintiff will be able to meet its burden of proving its administrative claim will be determined by the Bankruptcy Court.  Neither the Confirmation Order, the Plan, nor the Bankruptcy Code provide Plaintiff with an alternative mechanism for asserting administrative claims.  Plaintiff cannot simply "opt out" of the Plan to pursue claims against the "Debtor" and the "Debtor's property" in another forum it hopes will be more hospitable.

## CONCLUSION

WHEREFORE, Highland respectfully requests the Court grant (i) the relief requested in the Motion, and (ii) such other and further relief as the Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

| | |
|---|---|
| Dated: November 5, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>         jmorris@pszjlaw.com<br>         gdemo@pszjlaw.com<br>         hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward (Texas Bar No. 24044908)<br>Zachery Z. Annable (Texas Bar No. 24053075)<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Telephone: (972) 755-7100<br>Facsimile: (972) 755-7110<br>Email: MHayward@HaywardFirm.com<br>         ZAnnable@HaywardFirm.com<br><br>*Counsel for Highland Capital Management, L.P.* |

6